THE STATE OF OHIO, APPELLEE, v. CAMPBELL, APPELLANT.

(No. 11061—Decided July 20, 1983.)

Mr. Lynn C. Slaby, prosecuting attorney, for appellee.

Ms. Patricia M. Ritzert, for appellant.

GEORGE, J. The defendant, William Campbell, appeals from his convictions for felonious assault. This court affirms the judgment.

William Campbell lived with his girlfriend, Sara White, and his friend, William Johnson, at 439 Whitney Street in Akron, Ohio. Johnson is partially paralyzed in his left leg and uses a cane for assistance in walking.

On September 23, 1982, Campbell and Johnson drove to a grocery store. They travelled only a few blocks when Campbell's car ran out of gas. Campbell left the car in order to get some gas. He instructed Johnson to stay with the car until he returned. Johnson waited for approximately two hours. When Campbell failed to return, Johnson left the car and returned to the house.

Campbell came home upset that Johnson had abandoned his car. He started striking Johnson with his fists. He then took Johnson's cane and struck Johnson repeatedly in the head, face, chest, and arms.

While Johnson lay bleeding on the couch, Campbell left the room. He returned with a gun and forced Sara to sit next to Johnson on the couch. He threatened to kill both of them. Campbell then instructed Sara to get a knife. Once she left the room, she fled from the house. Campbell ran out of the house after her. He eventually caught her and brought her back.

When Campbell returned, he went back over to Johnson. He pointed his gun at Johnson's foot and told Johnson that he intended to make sure that Johnson would not be able to go anywhere. He then shot Johnson in the right foot.

From this beating, Johnson suffered a

broken nose, a broken wrist, lacerations and contusions to his head, lacerations on both wrists, and a gunshot wound to the foot. Campbell was subsequently arrested. A search of his residence uncovered a .457 Magnum revolver, bloodstains on the floor and wall, and a bullet hole in the floor.

### Assignment of Error 1

"The trial court erred in sentencing the defendant on both counts of felonious assault, which were both based on the same conduct of defendant."

Campbell claims that his two felonious assault convictions are allied offenses of similar import for which he can only be convicted once, under R.C. 2941.25(A). However R.C. 2941.25(B) carves out an exception to section (A), stating:

"Where the defendant's conduct constitutes two or more offenses of dissimilar import, *or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each,* the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." (Emphasis added).

While both counts of felonious assault are offenses of similar import, the facts in this case lead to the conclusion that each offense was committed separately. Campbell's acts of assault did not occur at the same time, nor did they occur in the same manner. First, Campbell assaulted Johnson by beating him with his fists and Johnson's cane. Campbell then left the house. After some period of time, Campbell returned to the house. It was at that point that he shot Johnson in the foot. The shooting constituted a separate and distinct act of felonious assault. See *State v. Moralevitz* (1980), 70 Ohio App. 2d 20 [24 O.O.3d 36].

In view of the foregoing facts, the trial court properly sentenced Campbell on both counts of felonious assault. Therefore, the first assignment of error is overruled.

### Assignment of Error 2

"The court erred in not ordering the jury to disregard statements of the prosecutor, in which he read a purported compilation of prior criminal convictions, which were denied by the defendant."

Defense counsel initially questioned Campbell about his past arrest record and prior convictions. Once the direct examination dealt with the subject of Campbell's criminal record, the prosecution was entitled to use whatever material it had available dealing with Campbell's criminal record in order to impeach him. Evid. R. 609(A). Therefore, the second assignment of error is overruled.

### Assignment of Error 3

"The verdict returned by the jury was against the weight of the evidence."

This court, having reviewed the record in this case, finds that there is substantial evidence upon which the jury could have reasonably concluded that all of the elements of the offenses were proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340].

The third assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.