THE STATE OF OHIO, APPELLEE, *v.* GABOR, APPELLANT.

(No. 2146 — Decided June 11, 1986.)

*Peggy Schmitz,* assistant prosecuting attorney, for appellee.
*R. J. Helmuth,* for appellant.

GEORGE, J. Defendant-appellant, Paul Gabor, appeals his conviction for operating a motor vehicle while under the influence of alcohol. R.C. 4511.19(A)(1).

At 9:45 p.m. on September 6, 1985, a hit-and-skip accident occurred in the village of Doylestown. The absconding driver had collided with two parked cars. A police bulletin concerning the incident was broadcast to all police within Wayne County. It instructed its listeners to be on the lookout for a dark-colored vehicle suspected in the collision.

At 10:53 p.m. that same night Wayne County Sheriff's Deputy Douglas Hunter was dispatched to Clinton Road in Chippewa Township to investigate a suspicious vehicle. When he arrived at the scene he found Gabor

slumped over the wheel of his dark blue Pontiac and sound asleep. The car was on the traveled portion of the roadway, with the engine running, the transmission in drive and the headlights on. Gabor's foot was resting on the brake pedal.

Deputy Hunter awoke Gabor and having determined that he was intoxicated placed him under arrest. Gabor was then cited for operating a vehicle while under the influence of alcohol. R.C. 4511.19(A)(1). Gabor's urine sample later yielded a reading of forty-two hundredths of one gram by weight of alcohol per one hundred milliliters of urine.

Having heard the 9:45 p.m. bulletin concerning the hit and skip accident, Hunter radioed the Doylestown police. A Doylestown patrolman was dispatched to the scene and after examining Gabor's vehicle determined that it was involved in the hit-and-skip incident. The patrolman issued Gabor citations for leaving the scene of an accident and for being in physical control of a vehicle while under the influence of alcohol.

On September 15, 1985, Gabor entered a plea of no contest to the physical control charge in the Doylestown Mayor's Court. He was found guilty and fined one hundred dollars. On October 1, 1985, Gabor moved the Wayne County Municipal Court for an order dismissing the DUI citation issued by Hunter.

Gabor argued that the physical control and DUI violations were allied offenses of similar import under R.C. 2941.25 and that his conviction under the Doylestown ordinance precluded his prosecution for the DUI offense. Subsequent to the filing of the motion, Gabor was issued a second citation for driving with a prohibited urine-alcohol content. R.C. 4511.19(A)(4). Gabor orally amended his motion to include this charge.

The trial court denied Gabor's motion to dismiss. Gabor entered a plea of no contest to the DUI charge and was found guilty. There has been no action taken on the prohibited alcohol content charge. This court affirms the DUI conviction.

### Assignment of Error I

"The trial court erred in overruling the motion of the appellant to dismiss and entering a judgment of guilty upon his no contest plea for the reason that the pending charge was an allied offense of similar import to an offense for which the appellant had been previously convicted."

R.C. 2941.25 provides that:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The trial court found it unnecessary to determine if the physical control violation and the DUI violation were allied offenses of similar import. It found that each offense was committed separately or with a separate animus as to each. R.C. 2941.25(B). The court based its decision on the intervals of time and distance separating the two offenses. Gabor now challenges this logic. This court adopts it.

Gabor presented no evidence to the trial court concerning his whereabouts or activities between 9:45 and 10:53

p.m. on the night of September 6, 1985. Testimony revealed that the scene of the hit and skip and the place that Gabor was arrested were two to three miles apart. The testimony of a Doylestown patrolman on this point is notable:

"Q. Okay and what you've described as the scene was that within or without the village limits of Doylestown, Ohio?

"A. The scene where the vehicle was involved was or found was outside the village limits of Doylestown.

"Q. Was it on a straight traveling course in relationship to the hit-skip vehicles and the scene or was it necessary to make turns or off of a straight traveling road between —

"A. It would require several turns to get to the point of where the accident took place to where the vehicle was found."

According to the evidence, it took Gabor over an hour to travel a distance of two to three miles. It was not unreasonable for the trial court to conclude that the continuity of the criminal conduct had been destroyed. The two events were severed by the intervals of time and distance and Gabor's activities during that time. As such, the offenses were independent from each other and constituted separate and distinct criminal acts. *State* v. *Campbell* (1983), 13 Ohio App. 3d 338, 339, 13 OBR 428, 430, 469 N.E. 2d 882, 885. Accordingly, the assignment of error is overruled and the conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.