**State v. George**
*[Cite as 2 AOA 671]*

*Case No. CA89-08-012*
*Preble County, (12th)*
*Decided March 5, 1990*

R.C.2903.11
R.C.2941.25
R.C.2945.74
R.C.4511.20

*Wilfrid G. Dues, Warren County Prosecuting Attorney, Rebecca J. Ferguson, Preble County Courthouse, Eaton, Ohio 45320, for plaintiff-appellee.*

*Hanes, Schipfer, Hurley, McClurg, Cooper & Graber, William H. Cooper, 507 South Broadway, Greenville, Ohio 45331, for defendant-appellant.*

KOEHLER, J.

This case is on appeal from a conviction rendered by the Preble County Court of Common Pleas against defendant-appellant, Russell C. George, on two counts of felonious assault and one count of vandalism.

On February 5, 1989, appellant was driving a pickup truck in southern Darke County when a Darke County Deputy Sheriff observed appellant had an inoperable tail light and headlight. Consequently, the deputy attempted to stop appellant. However, appellant failed to obey the officer's instructions, resulting in a slow speed chase which started in southwestern Darke County, continued into northwestern Preble County, and ended in Wayne County, Indiana.

During the pursuit, appellant was southbound on State Route 121 in Preble County followed by a sheriff's cruiser from both Darke County and Preble County. The Darke County sheriff's cruiser, attempting to overtake appellant, was struck by appellant, giving rise to the named charges. A two-count felonious assault charge was brought against appellant since two deputies were in the Darke County cruiser at the time of the collision.

Appellant was indicted on February 6, 1989 by the Preble County Grand Jury and charged with two counts of felonious assault in violation of R.C. 2903.11(A)(2), and one count of vandalism in violation of R.C. 2909.05(B)(2). A jury trial was held on May 31, 1989 whereby appellant was found guilty as charged on all counts. On July 14, 1989, appellant was sentenced to an indefinite period of incarceration from five to twenty-five years and

fined $500 on each count of felonious assault, with a period of incarceration up to one and one-half years on the vandalism conviction. These sentences were to be served concurrently.

Appellant takes issue with his convictions in the court below and now brings the instant appeal assigning the following as error:

First Assignment of Error:

"The trial court committed prejudicial error by failing to instruct the jury on the lesser offense of reckless operation (Ohio Revised Code Section 4511.20) which denied the appellant his due process right to a fair trial."

Second Assignment of Error:

"The trial court committed prejudicial error by sentencing the appellant on each of two (2) counts of felonious assault in violation of Ohio Revised Code Section 2903.11(A)(2) contrary to Ohio Revised Code Section 2941.25."

In his first assignment of error, appellant insists that it was improper for the trial court not to instruct the jury on the offense of reckless operation. The thrust of this argument as set forth by appellant is that reckless operation of a motor vehicle is a lesser included offense of felonious assault and, therefore, must be provided to the jury. For the following reasons, we find that reckless operation as defined in R.C. 4511.20 is not a lesser included offense of felonious assault.

A determination of whether an instruction on a lesser included offense is warranted involves a two-step process. First, the trial court "must determine what constitutes a lesser included offense of the charged crime; second, it must examine the facts and ascertain whether [it] could reasonably conclude that the evidence supports a conviction for a lesser offense and not the greater." *State* v. *Kidder* (1987), 32 Ohio St. 3d 279, 280. This first step involves comparing the statutory elements of the offense charged with those asserted in the lesser included offense. In order for a lesser included offense instruction to satisfy the first step, it must meet the following test as set forth in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382:

"(i) the asserted lesser included offense must be a crime of lesser degree than the charged offense, and

"(ii) the charged offense cannot be committed without the asserted lesser offense also being committed, and

"(iii) some element of the charged offense is not required to prove the asserted lesser offense." *Id.* at 384.

Appellant was indicted for felonious assault pursuant to R.C. 2903.11(A)(2), which states that: "[n]o person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code." The trial court refused to instruct the jury on the alleged lesser included offense of reckless operation pursuant to R.C. 4511.20, which states: "no person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."

Applying the *Wilkins* analysis, both the second and third prongs fail in the case *sub judice*. Thus, the lower court properly found that reckless operation of a motor vehicle is not an "included offense" of felonious assault.

It is well-settled in Ohio that a criminal defendant may be convicted for a lesser offense included within the charged offense. See R.C. 2945.74. A "lesser included offense" is defined as follows: "An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment." *State* v. *Hreno* (1954), 162 Ohio St. 193, paragraph two of the syllabus. The term "lesser included offense" relates only to an offense of the same general character and not to a distinct and independent offense of a different character. *State* v. *Stover* (1982), 8 Ohio App. 3d 179, paragraph two of the syllabus.

In *State* v. *Kuchmak* (1953), 159 Ohio St. 363, the Ohio Supreme Court stated:

"The doctrine of 'inferior degrees' or 'included offenses' whereby an accused may be found not guilty of the offense charged but guilty of a lesser included offense, relates only to *offenses of the same general character and not to distinct and independent offenses of different classes.*" (Emphasis added.) *Id.* at paragraph three of the syllabus.

In the case at bar, reckless operation is not an included offense of felonious assault. Reckless operation is a traffic violation of a specific character which has absolutely no connection whatsoever with an assault. The reckless operation statute is a traffic offense, while felonious assault is the most severe of all assault offenses to be found in the criminal code.

In addition, one can commit felonious assault without also driving recklessly. Felonious assault, as defined in R.C. 2903.11, does not require the use of a motor vehicle. The use of an automobile as a deadly weapon is just one possible instrument by which a person may

cause physical harm to another. Therefore, felonious assault can clearly be committed many times over without a violation of the reckless operation statute.

Accordingly, the *Wilkins* test for determining what is a "lesser included offense" has not been met rendering the trial court's denial of a jury instruction on reckless operation proper. Appellant's first assignment of error is not well-taken and is overruled.

Appellant's second assignment of error contends that the lower court incorrectly sentenced him on two counts of felonious assault contrary to R.C. 2941.25. Specifically, appellant maintains that levying multiple punishments against him for criminal activity emanating from one incident, contravenes his constitutional rights. We agree.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The General Assembly has therefore authorized trial courts, in a single criminal proceeding, to convict and to sentence a defendant for two or more offenses, having the same criminal conduct or transaction provided the offenses (1) are not allied and of similar import; (2) are committed separately; or (3) are committed with a separate animus as to each offense. We find that the two felonious assault charges against appellant are allied offenses of similar import which were committed at the identical place and time. See *State* v. *Campbell* (1983), 13 Ohio App. 3d 338. In addition, a separate animus for each count of felonious assault does not exist in the instant circumstance, since an intentional collision with a sheriff's cruiser can constitute only one animus or intention even if two persons are seated in the motor vehicle.

The United States Supreme Court in *Brown* v. *Ohio* (1977), 431 U.S. 161, stated:

"*** [w]here consecutive sentence are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Id.* at 165. Further, in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, the Ohio Supreme Court, interpreting *State* v. *Donald* (1979), 57 Ohio St. 2d 73, held:

"In addition to the requirement of similar import of the crimes committed, the defendant, in order to obtain protection of R.C. 2941.25 (A), must show that the prosecution has relied upon the same conduct to support both offenses charged. The significance of the holding of *Donald* was that the defendant would be afforded the protection of subsection (a) where the facts were such that the same conduct by the defendant could be construed to constitute two allied offenses of similar import." *Logan, supra,* at 128-129.

In the instant case, appellant was convicted of two counts of felonious assault. He was then sentenced to concurrent terms of imprisonment on each count from five to twenty-five years along with a $500 fine. However, these two convictions of felonious assault are a result of identical conduct on the part of appellant. The factual scenario reveals that in his flight from law enforcement officers, appellant intentionally collided with a sheriff's cruiser that happened to be occupied by two deputies. Therefore, since the felonious assault convictions in connection with injuries sustained by the deputies are due to the same conduct and are "allied offenses of similar import," *i.e.,* felonious assault, R.C. 2941.25(A) renders the convictions and sentencing on both counts improper.

Accordingly, the court below is instructed on remand to sentence appellant on one count of felonious assault. Appellant's second assignment of error is well-taken and is sustained requiring us to reverse and remand this case to the lower court for sentencing with respect to one felonious assault conviction.

*Judgment reversed and cause remanded.*

JONES, P.J., and HENDRICKSON, J., Concur.