OPINION
 STATEMENT OF THE FACTS AND CASE
On March 20, 2001, the Canton Police Department was informed by Shane Beard, Amanda Beard and Christopher Rohrer that they had been robbed at gunpoint by Appellant, Shawn Daviduk.
On March 29, 2001, Appellant was arrested and indicted on the following charges:
 Count One: Attempt to Commit an Offense (Murder), with firearm specification
Count Two: Felonious Assault, with firearm specification
Count Three: Aggravated Robbery, with firearm specification
Count Four: Aggravated Robbery, with firearm specification
Count Five: Aggravated Robbery, with firearm specification
On April 27, 2001, at the arraignment, Appellant entered pleas of not guilty to each of the counts listed in the indictment.
On June 11, 2001, Appellant changed his pleas of not guilty on Counts One and Two and the firearm specifications to pleas of guilty.
The trial court sentenced Appellant to ten (10) years on the Attempted Murder, eight (8) years on the Felonious Assault and three years each on the firearm specifications. The sentences for the Attempted Murder and the felonious Assault merged as did the firearm specifications. Appellant's was sentenced to a total of thirteen years imprisonment.
On June 18, 2001, a trial commenced on the remaining counts and specifications.
On June 20, 2001, a jury returned a guilty verdicts on each remaining count and specification.
On June 25, 2001, at the sentencing hearing, Appellant was sentenced to seven years imprisonment on each count, to be served consecutively. Appellant was also sentenced to three years on each firearm specification, with same to run concurrently to one another but consecutively to the Aggravated Robbery sentences, with a total time of imprisonment being twenty-four (24) years. This sentence was also ordered to be served consecutively to the earlier thirteen (13) year sentence on the Attempted Murder and Felonious Assault and firearm specifications.
It is from this sentence that Appellant filed the instant appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. APPELLANT'S CONVICTION FOR THREE COUNTS AGGRAVATED ROBBERY WITH FIREARMS SPECIFICATIONS, IN VIOLATION OF R.C. SECTIONS 2911.01(A)(1) AND 2941.145
RESPECTIVELY WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS WHEN THE TRIAL COURT FAILED TO ALLOW APPELLANT TO BE PRESENT AT A HEARING ON THE JURY INSTRUCTIONS WHILE HE WAS BEING DETAINED OUTSIDE OF THE COURTROOM BY AUTHORITIES.
 III. THE TRIAL COURT ERRED IN ORDERING THAT ALL COUNTS BE SERVED CONSECUTIVELY WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE STATUTORY CRITERIA OR MAKE THE REQUISITE FINDINGS.
 I.
In his first assignment of error, appellant argues that the verdict is against the manifest weight and sufficiency of the evidence. More specifically, appellant contends that the State failed to prove appellant's identification as the perpetrator beyond a reasonable doubt. We disagree.
The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v.Thompkins (1997), 78 Ohio St.3d 380. In considering whether the evidence is sufficient to support a verdict, the inquiry is whether the evidence is legally sufficient to support the verdict as a matter of law. Id. at 386. A verdict not supported by sufficient evidence violates due process. Id.
On the other hand, weight of the evidence concerns the inclination of the greater amount of evidence offered at trial to support one side of the issue rather than the other. Id. at 387. Weight is not a question of mathematics, but depends on its effect on inducing belief. Id. The court must determine whether the jury, in resolving the conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice in convicting the accused of the offense charged. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
In the instant case, the identification of appellant as the perpetrator is not against the manifest weight or sufficiency of the evidence. Each of the three victims was able to describe the appearance of the perpetrator and identify him as the one who robbed them at gunpoint. One of these victims, Shane Beard, actually knew and had associated with Appellant in the past. Another of victims, Christopher Rohrer, recognized Appellant as being an old acquaintance of Beard's. Further, the weapon recovered was consistent with the description given by the victims.
Appellant basically argues that the jury should have found the testimony of his alibi witness, Gloria York, to be more credible than that of the victims.
The jury could reasonably have decided to believe the victims rather than appellant's alibi witness. His alibi witness was the wife of his cousin.
Based on the foregoing evidence, we conclude that the evidence was sufficient to support a conviction for aggravated robbery and the jury, in resolving conflicts in the evidence, did not clearly lose its way and create a manifest miscarriage of justice.
Appellant's first assignment of error is overruled
 II.
Appellant argues that the trial court denied him his due process rights by not allowing him to be present during a hearing concerning a revision of the jury instructions which had already been submitted to the jury. We disagree.
Appellant, in his brief, states that "a hearing on the record took place amongst both attorneys and the court on revised jury instructions, revised verdict forms, and the specification forms which were then taken back to the jury after the hearing." (Appellant's Brief at 10). A review of the transcript reveals only that the court provided the attorneys with a new copy of the written jury instructions which had been revised to conform with what had actually been read to the jurors. (T. III at 492-494). The transcript does not reveal whether or not Appellant was present at this hearing. However, we find that the record does reflect that Appellant was present when these changes concerning the renumbering of counts three, four and five were discussed. (T. I at 6, 14).
We further find that Appellant has not demonstrated that he was prejudiced by this alleged absence at said hearing.
Appellant's second assignment of error is overruled.
 III.
In his third and last assignment of error, appellant argues that the trial court did not have sufficient evidence to support the statutory criteria or make the requisite findings to order that all counts be served consecutively. We disagree.
Appellant concedes that the trial court's sentencing entry contains the necessary findings to impose consecutive sentences pursuant to R.C. § 2929.14(E)(4) but argues that neither the sentencing entry nor the record contain facts to support same. Appellant further argues that the separate counts of aggravated robbery "constituted one continuous, single course of conduct with a single animus." (Appellant's brief at 13).
Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them. R.C. § 2941.25(B).
Claims under R.C. 2945.21(B) require the following analysis:
 (1) to determine whether the offenses are the same type of offenses, possibly even allied offenses; and (2) to determine whether the offenses were committed separately, or with a separate animus.
State v. Moralevitz (1980), 70 Ohio App.2d 20.
Stealing from different owners at different times, no matter how slight the interval, constitutes separate offenses. State v. Botta (1971),27 Ohio St.2d 196 202-03; Smith v. State (1898), 59 Ohio St. 350, 358. See also State v. Barnes (1981), 68 Ohio St.2d 13 (commission of anal and vaginal rape, both committed within a short time frame, constitutes separate offenses); State v. Campbell (1983), 13 Ohio App.3d 338 (two separate felonious assaults committed within a single time frame are separate offenses); State v. Moralevitz (1980), 70 Ohio App.2d 20
(several acts of gross sexual imposition which occurred consecutively constitute separate offenses).
The Committee Comment to R.C. § 2941.25(B) is instructive on this point.
 On the other hand, a thief who commits theft on three separate occasions or steals different property from three separate victims in the space, say, of 5 minutes, can be charged with and convicted of all three thefts. In the first instance the same offense is committed three different times, and in the second instance the same offense is committed against three different victims, i.e. with a different animus as to each offense. (Emphasis added).
Committee Comment to H 511 (R.C. § 2941.25).
The Appellant in the case sub judice robbed the three separate victims. Such conduct amounts to three separate acts of aggravated robbery committed consecutively upon three different individuals. The robberies were not done with the same animus.
We find that the trial court did not err in imposing consecutive sentences in this matter.
We overrule the third assignment of error.
All three assignments of error being overruled, the judgment of the Court of Common Pleas of Stark County is affirmed.
BOGGINS, J., FARMER P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.