OPINION
Defendant-appellant, Ronald R. Broomfield, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of aggravated vehicular assault.
According to state's evidence, on June 11, 2000, at approximately 6:15 a.m., Randall Arndt was walking east on Maryland Avenue, toward the intersection of Cassady and Maryland Avenues, when he observed headlights approaching him on Maryland Avenue. The car, driven by defendant, approached at "a good rate of speed" and failed to stop at the stop signs located on every intersection through the neighborhood, or at the traffic light in front of Maryland Avenue Elementary School. Arndt then noticed another set of headlights immediately behind defendant's vehicle. When Arndt looked up at the traffic light at Maryland and Cassady, it was red for the approaching cars. In anticipation that a car also might be approaching on Cassady, Arndt became fearful of a collision and ran immediately into someone's yard for safety. Arndt heard, but did not see, a very loud collision. Immediately after the accident, Arndt observed defendant's vehicle had turned one hundred eighty degrees, and defendant was running down Maryland Avenue away from the accident, only later to return to the scene of the accident.
Leon Johnson testified he was driving north on Cassady Avenue that morning on his way to work. Sarah Harris was a passenger in his vehicle. Johnson approached the intersection of Cassady and Maryland Avenues on a green light. As he entered the intersection, "[he] got crushed" in a collision with the vehicle defendant was driving. (Tr. 186-187.) Both Johnson and Harris sustained serious injuries as a result of the accident.
Defendant was taken to the police station and released on June 11, 2000. Aggravated vehicular assault charges were filed against defendant on June 22, 2000, and he was arrested the same day pursuant to a parole holder. Defendant was "arrested" on the vehicular assault charges on August 4, 2000, and a jury found him guilty on both counts. Defendant was sentenced accordingly, and appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL.
 II. THE TRIAL COURT ERRED IN ALLOWING FIELD SOBRIETY TEST RESULTS AS EVIDENCE.
 III. TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS STATEMENTS.
 IV. THE TRIAL COURT ERRED IN REFUSING TO GIVE JURY INSTRUCTIONS ON LESSER INCLUDED OFFENSES.
 V. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION.
Defendant's first assignment of error asserts he was not afforded a speedy trial. Specifically, defendant contends he spent over ninety days awaiting trial in violation of the triple count provisions of R.C. 2945.71. Moreover, while defendant acknowledges several continuances were filed, he asserts that because none was at his request, none tolled the speedy trial time provisions.
R.C. 2945.71(C)(2) requires a criminal defendant charged with a felony offense be brought to trial within two hundred seventy days of arrest. Under the triple count provision of R.C. 2945.71(E), the accused is entitled to three days credit for each day the accused is held in jail in lieu of bail on the pending charge.
Here, defendant was taken to the Bexley police station on June 11, 2000, and subsequently was released with no charges filed. On June 22, 2000, a complaint was filed in the Franklin County Municipal Court. A summons issued the same day, requesting defendant's appearance on July 12. Defendant failed to appear, and a warrant was issued for his arrest.
In the interim, on June 22, defendant contacted his parole officer to advise him of the June 11 incident, and defendant was immediately taken into custody pursuant to a parole holder. On August 4, 2000, an indictment was filed in the common pleas court charging defendant with two counts of aggravated vehicular assault arising from the June 11 accident, and defendant was "arrested" the same day on those charges.
On August 31, 2000, defendant's counsel withdrew and new counsel was appointed to represent defendant. Shortly after that, on September 19, recently appointed counsel withdrew and new counsel again was appointed to represent defendant. As a result of the withdrawal of prior counsel and the appointment of new counsel, on defendant's motion and by entry filed September 21, 2000, the case was continued to October 25, 2000. Although the continuance was at the request of defendant's counsel, defendant refused to waive his speedy trial rights.
On October 26, 2000, the case was continued until November 13, 2000, because the court was in a jury trial and, per the court's entry, the "courtroom [was] unavailable." Thereafter the case was continued day to day until November 15, 2000, when defendant's trial commenced. Given those facts, defendant contends he is entitled to: (1) fifty-four days credit between October 26, 2000 and November 13, 2000, (2) two hundred forty days from June 22 to September 19 pursuant to the triple count provision of R.C. 2945.71(E), and (3) twelve days credit between June 11 and June 22, the total of which exceeds two hundred seventy days.
Despite defendant's objection to the September 21 continuance, a defendant's right to be brought to trial within the limits of R.C. 2945.71
may be waived by defense counsel's request for a continuance to prepare for trial, as well as continuances arising from conflicts in defense counsel's schedule. State v. McBreen (1978), 54 Ohio St.2d 315; State v. Kroesen (Nov. 16, 2000), Franklin App. No. 00AP-45, unreported, citing State v. Eager (May 2, 1996), Franklin App. No. 95APA09-1165, unreported.
Here, defendant's attorney filed a motion to withdraw, which the trial court granted on September 19, 2000, appointing new counsel for defendant. On September 21, 2000, the trial court granted defendant a continuance to October 25 to allow his new counsel to adequately prepare for trial. Although defendant asserts he did not request the continuance, the time nonetheless is tolled pursuant to R.C. 2945.72. See State v. Turner (Mar. 24, 1992), Montgomery App. No. 12659, unreported (holding the period during which a continuance was granted as a result of an attorney's withdrawal was tolled pursuant to R.C. 2945.72(E) and (H)); Eager, supra. Defendant is entitled to no speedy trial credit for the time period of the reasonable continuance granted to allow newly appointed counsel to prepare for trial.
Although forty-three days elapsed from June 22 to August 4, defendant is not entitled to the triple count provisions of R.C. 2945.71(E) for that time period because he was incarcerated on a parole holder. The existence of a valid parole holder prevents application of the triple count provisions of R.C. 2945.71(E), as that provision is only available to a defendant held in jail in lieu of bail solely on the pending charge. State v. Brown (1992), 64 Ohio St.3d 476, 479. Accordingly, defendant is entitled to forty-three days credit for the time period from June 22 to August 4.
To the extent defendant was held on the parole holder until the day of trial, he is entitled to no three-for-one credit. As a result, his speedy trial argument is without merit. Even if, however, we assume the parole holder was lifted when defendant was indicted on August 4, his argument nonetheless fails. Specifically, defendant is entitled to three-for-one credit for each day served from August 4 until the continuance arising from defense counsel's withdrawal. When those forty-seven days are tripled, defendant is entitled to one hundred forty-one days credit against the two hundred seventy day time limit within which the state was required to bring defendant to trial.
In addition, the case was continued from October 25, 2000 until November 13, 2000, and then on a day-to-day basis until November 15, 2000, because the trial court was in another jury trial. R.C. 2945.72(H) extends the time in which a defendant must be brought to trial for "the period of any continuance granted on the accused's own motion, and the periods of any reasonable continuance granted other than upon the accused's own motion." Eager, supra. Thus, if the record affirmatively demonstrates the need for a continuance and the reasonableness of the continuance, the period of the continuance will be tolled against the statutory speedy trial provisions. State v. Mosley (Aug. 15, 1995), Franklin App. No. 95APA02-232, unreported.
Here, the time from October 25, 2000 to November 15, 2000 represents a continuance of a little over twenty days. The court's entry states: "Court is in jury trial and courtroom unavailable." While the entry could have been more elaborate in making clear that no other courtroom was available, it arguably is sufficient to explain the reasonableness of the reason for, and the length of, the continuance. However, even if the continuance is tripled, coupled with the twelve days accruing from June 11 to June 22, and added to the one hundred eighty-four days already noted, defendant was brought to trial within the time limits of R.C.2945.71. Accordingly, the trial court properly denied defendant's motion to dismiss. Defendant's first assignment of error is overruled.
Relying on State v. Homan (2000), 89 Ohio St.3d 421, defendant's second assignment of error contends the trial court erred in admitting field sobriety tests that were not administered in strict compliance with applicable guidelines.
Although defendant's brief does not specify how Officer Karen Sawyer failed to properly administer the test, defendant apparently is referring to the officer's use of the walk and turn test. In the trial court, defendant argued the test required a designated straight line for the accused to walk; by contrast, Sawyer asked defendant to "walk straight," without directing defendant to a designated line. The trial court questioned Sawyer regarding the procedure, and she testified she was trained to use the designated straight line, but in the absence of such, to have the tested person walk down a perceived straight line. Arguably, then, Sawyer strictly complied with the guidelines in administering the field sobriety test to defendant.
Even if, however, strict compliance was not achieved, no prejudicial error occurred. By introducing the field sobriety test into evidence, the state sought to prove defendant's driving was impaired by his alcohol intake. Evidence to that effect was already before the jury, in that Sawyer testified defendant had a strong odor of alcohol, as well as "mush" mouth and slurred speech. Sawyer testified she believed defendant was impaired, as did Sam Shamansky, a witness who observed defendant after the accident. According to Shamansky, defendant smelled of alcohol and, based on defendant's mannerisms, behavior and speech, Shamansky concluded defendant was intoxicated.
Defendant nonetheless contends the field sobriety tests were inadmissible because the intoxication element was removed from the indictment. The state responds by contending the evidence was admissible to prove recklessness, an element of the offense of aggravated vehicular assault. See R.C. 2903.08(A)(2). By virtue of the elements of R.C.2903.08(A)(2), defendant's recklessness was at issue, and driving while under the influence of alcohol is admissible to prove recklessness. See State v. Hennessee (1984), 13 Ohio App.3d 436, 439 (allowing admission of evidence of defendant's driving while under the influence of alcohol to prove the recklessness element of aggravated vehicular homicide); State v. Stacy (May 22, 1990), Pickaway App. No. 87-CA-23, unreported. Defendant attempts to circumvent the foregoing, asserting recklessness could have been proven by less prejudicial means. See Evid.R. 403(A). Defendant does not explain how the test results were more prejudicial than the other evidence showing he was impaired by his alcohol intake. Indeed, because the other evidence of defendant's impaired state otherwise was before the jury, the admission of the test was not prejudicial. Defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts the trial court erred in denying defendant's motion to suppress statements defendant made to a police officer at the scene of the accident. Asserting he was in custody based on his ultimate arrest and the officer's instructions to him not to leave the scene, defendant contends his statement that he had been drinking prior to the accident should be suppressed because he was not given warnings pursuant to Miranda v. Arizona (1966), 384 U.S. 436.
Although defendant was temporarily detained at the scene of the accident, he was not "in custody" so as to require administration of Miranda warnings. Routine traffic stops do not significantly curtail an individual's freedom so as to constitute "custody" under the parameters of Miranda. Berkemer v. McCarty (1984), 468 U.S. 420, 440; State v. Woods (Apr. 25, 1989), Franklin App. No. 88AP-899, unreported (concluding police officers could ask "a moderate number of questions to: (1) determine defendant's identity, and (2) to try to obtain information which would confirm or dispel their suspicions"). Moreover, even if defendant's statement was improperly admitted, defendant suffered no prejudice. Testimony from other witnesses indicated defendant had an odor of alcoholic beverage about him, and exhibited other signs of consuming alcohol. Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth and fifth assignments of error are interrelated, and we address them jointly. Together they assert the trial court erred in refusing to give a jury instruction on a lesser included offense and in overruling defendant's Crim.R. 29 motion.
"Crim.R. 29(A) requires the court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses alleged in the indictment. `Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v. Dennis (1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096. In reviewing a ruling on a Crim.R. 29(A) motion for judgment of acquittal, the reviewing court construes the evidence in a light most favorable to the state. State v. Wolfe (1988), 51 Ohio App.3d 215, 555 N.E.2d 689, paragraph one of the syllabus; State v. Busby (Sept. 14, 1999), Franklin App. No. 98AP-1050, unreported. See, also, State v. Brown (1994), 99 Ohio App.3d 604, 607,651 N.E.2d 470, citing State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus." State v. Clay (Mar. 28, 2000), Franklin App. No. 99AP-404, unreported.
R.C. 2903.08 provides in relevant part:
 (A) No person, while operating or participating in the operation of a motor vehicle *** shall cause serious physical harm to another person *** in either of the following ways:
 (1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;
(2) Recklessly.
Pursuant to R.C. 2901.22(C), a person acts recklessly when "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
The trial court properly overruled defendant's Crim.R. 29 motion. Arndt testified he observed defendant driving at what seemed "a good rate of speed." Defendant approached Arndt on Maryland Avenue, failing to stop at the stop signs or traffic lights. He ultimately collided into Johnson's vehicle, which entered the intersection on a green light. Defendant's driving, in itself, reflects recklessness, in that his failure to abide by the traffic signs and traffic signals while he was speeding indicates a heedless indifference to the consequences for those motorists traveling on the cross streets. Moreover, if defendant's driving alone was insufficient to reflect recklessness, the jury had significant evidence that defendant was under the influence of alcohol, given the testimony of Shamansky and Officer Sawyer. See State v. Eudaly (June 14, 1993), Butler App. No. CA92-08-163, unreported; State v. Torres (1986),31 Ohio App.3d 118.
Lastly, defendant contends he was entitled to a jury instruction on a lesser included offense. An instruction on a lesser included offense is required only where evidence would reasonably support both an acquittal on the claimed charge and a conviction on the lesser included offense. State v. O'Neal (2000), 87 Ohio St.3d 402, 412; State v. Robb (2000),88 Ohio St.3d 59, 74.
Although defendant fails to specify the lesser included offense, the trial court did not err in failing to give an instruction on the lesser included offense because the evidence, as noted, was sufficient to find defendant guilty of aggravated vehicular assault. Accordingly, defendant's fourth and fifth assignments of error are overruled.
Having overruled defendant's five assignments of error, we affirm the judgment of the trial court.
 ____________________ BRYANT, P.J.
TYACK and PETREE, JJ., concur.