THE STATE OF OHIO, APPELLEE, *v.* TORRES, APPELLANT.

(No. 3910—Decided April 2, 1986.)

Gregory A. White, prosecuting attorney, for appellee.

Michael J. Duff, for appellant.

GEORGE, P.J. Defendant-appellant Joel Ezra Torres appeals the sentence imposed on his plea of guilty to counts of aggravated vehicular homicide (R.C. 2903.06) and involuntary manslaughter (R.C. 2903.04[B]). This court reverses in part and affirms in part.

Torres also pleaded guilty and was sentenced for driving while under the influence (R.C. 4511.19) and driving while under suspension (R.C. 4511.192), but these sentences are not involved in the appeal. Torres raises a single assignment of error:

Assignment of Error

"The trial court erred in sentencing the defendant to consecutive sentences for allied offenses of similar import."

The record reveals no details of the incident from which the charges stem. It may be inferred from the indictment, however, that Torres was intoxicated when the car which he was driving struck another car. A woman driving the other car was killed. Upon his plea of guilty, Torres was sentenced to three to five years on the aggravated vehicular

homicide charge, a fourth degree felony, and five to ten years (with five years' actual incarceration) on the involuntary manslaughter charge, a third degree felony. The sentences were ordered to be served consecutively. A motion to vacate the imposition of these consecutive sentences on grounds that aggravated vehicular homicide and involuntary manslaughter were allied offenses of similar import was denied.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

This case presents the issue of whether an individual may be convicted of both involuntary manslaughter and aggravated vehicular homicide in the death of a person as a result of an accident which occurred while defendant was driving under the influence of alcohol. The two offenses charged here arise out of the singular conduct of the defendant in driving while under the influence of alcohol. The only question is if the offenses charged are allied offenses of similar import.

R.C. 2903.06, aggravated vehicular homicide, provides in part:

"(A) No person, while operating or participating in the operation of a motor vehicle * * * shall recklessly cause the death of another."

R.C. 2903.04(B), involuntary manslaughter, provides:

"No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor."

The Double Jeopardy Clauses of both the United States and Ohio Constitutions offer protection for a defendant against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717. The principles of the Double Jeopardy Clauses are effectuated in Ohio through R.C. 2941.25. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 259-260, 15 O.O. 3d 262, 265-266, 400 N.E. 2d 897, 902, certiorari denied (1980), 449 U.S. 852.

Torres claims his two convictions violate the third aspect of this protection — multiple punishments for the same offense. A determination of whether multiple convictions can arise from the same conduct must be based on an analysis of whether the legislature intended the relevent statutes to authorize multiple convictions. *Ohio* v. *Johnson* (1984), 467 U.S. 493, 499; *State* v. *Jones* (1985), 18 Ohio St. 3d 116, 18 OBR 148, 480 N.E. 2d 408. If it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end. *Ohio* v. *Johnson, supra,* at 499, fn. 8.

An intent to authorize cumulative punishments for the same conduct must be manifested clearly by the legislature. In the absence of a clear indication of such intent, the statutes will be construed not to authorize cumulative punishments. *Whalen* v. *United States* (1980), 445 U.S. 684, 691-692.

Where there is no clear manifestation of intent otherwise, legislative intent may be inferred from a comparison of the elements of the offenses. When the elements of two offenses are so similar that proof of the same facts will

satisfy the requirements of both, then they are in essence the same offense and it may be concluded that the legislature did not intend multiple punishments for the same offense. *State* v. *Moss* (1982), 69 Ohio St. 2d 515, 521-522, 23 O.O. 3d 447, 450-451, 433 N.E. 2d 181, 186, certiorari denied (1983), 459 U.S. 1200.

The test to be applied in construing statutory provisions was enunciated by the United States Supreme Court in *Blockburger* v. *United States* (1932), 284 U.S. 299:

"* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *" *Id.* at 304.

The conduct prohibited by R.C. 2903.06 (aggravated vehicular homicide) is recklessly causing the death of another while operating a motor vehicle. The conduct prohibited by R.C. 2903.04(B) (involuntary manslaughter) is causing the death of another as the proximate result of committing a misdemeanor. The facts of this case are that Torres, while driving under the influence of alcohol, drove his motor vehicle into another car and caused the death of a woman.

A licensed driver is charged with the knowledge that driving while under the influence of alcohol is against the law and creates a substantial risk to himself and others. *State* v. *Hennessee* (1984), 13 Ohio App. 3d 436, 13 OBR 525, 469 N.E. 2d 947. In disregarding this risk and continuing to drive until the accident occurred, with heedless indifference to the consequences, Torres was engaging in reckless conduct as defined in R.C. 2901.22(C). *State* v. *Dudock* (1983), 6 Ohio App. 3d 64, 6 OBR 502, 453 N.E. 2d 1124.

R.C. 4511.20 (reckless operation) provides in part that:

"No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property."

In *State* v. *Earlenbaugh* (1985), 18 Ohio St. 3d 19, 18 OBR 16, 479 N.E. 2d 846, the Supreme Court ruled that this statute is violated when a person acts wantonly in disregard of the safety of others. The court then defined a "wanton act" as:

"* * * an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others." *Id.* at 21-22, 18 OBR at 18, 479 N.E. 2d at 849.

Clearly, Torres' conduct in driving while under the influence violated R.C. 4511.20, a misdemeanor, and in the commission of that misdemeanor, he caused the death of another. The elements of R.C. 2903.04(B), involuntary manslaughter, thus are satisfied.

The state argues that involuntary manslaughter requires no particular mental state, whereas aggravated vehicular homicide requires recklessness. Nor, it is argued, is there any particular mental state requirement in driving under the influence, since it is a strict liability offense. This court finds, however, that the facts of this case clearly would support a charge of reckless operation, which requires a reckless mental state, and therefore the involuntary manslaughter offense is essentially the same as aggravated vehicular homicide. The two offenses then constitute allied offenses of similar import under R.C. 2941.25. Obviously, under different facts, the two offenses may not be deemed allied for purposes of R.C. 2941.25.

No argument is made that the offenses were committed separately or with a separate animus as to each, which would allow the defendant to be sentenced on both counts under R.C. 2941.25(B). Torres then may not be sentenced on both counts.

This conclusion is in accord with the reasoning of *State* v. *Davis* (1983), 13 Ohio App. 3d 265, 13 OBR 329, 469 N.E. 2d 83, and *State* v. *Jodrey* (Apr. 10, 1985), Hamilton App. No. C-840406, unreported.

Torres' assignment of error is well-taken. The conviction for aggravated vehicular homicide is vacated and the conviction for involuntary manslaughter is affirmed.

*Judgment accordingly.*

QUILLIN, J., concurs.

BAIRD, J., dissents.

QUILLIN, J., concurring. In the present case, we have one death arising out of one automobile collision. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits, among other things, cumulative punishments for the same offense. *Brown* v. *Ohio* (1977), 432 U.S. 161. To the same effect is Section 10, Article I of the Ohio Constitution. Whether punishments are cumulative so as to violate these constitutional limitations is ultimately a question of legislative intent. *Ohio* v. *Johnson* (1984), 467 U.S. 493. I do not believe it is "evident that [the] state legislature intended to authorize cumulative punishments," *Johnson, supra,* at 499, fn. 8, in cases such as the one before us.

BAIRD, J., dissenting. The elements of these crimes do not coincide. One requires proof of recklessness, while the other does not. One requires proof of a misdemeanor, while the other does not. Particularly where, as here, the involuntary manslaughter charge may be supported by the driving while under suspension misdemeanor, it is entirely possible that a person may be proved guilty of involuntary manslaughter without having at the same time been proved guilty of the less serious crime of aggravated vehicular homicide. The legislative intent is made clear by the establishment of separate crimes having different, separate and distinct elements. The defendant may be sentenced for both crimes.