THE STATE OF OHIO, APPELLEE, *v.* ANDERSON, APPELLANT.

(No. 1739—Decided January 4, 1989.)

*Norman Brague,* law director, for appellee.

*Marla L. Mitchell,* for appellant.

*Per Curiam.* On April 16, 1988, Thomas R. Anderson, defendant-appellant, was traveling on Route 42 in a township within the territorial jurisdiction of the Medina Municipal Court, where he struck an oncoming highway patrol unit. Anderson continued travelling on Route 42 and entered an adjoining township, which is within the territorial jurisdiction of Wadsworth Municipal Court, where he struck another vehicle. Anderson never stopped his vehicle or otherwise broke the continuous chain of events that led up to his arrest. There is no evidence that he was consuming alcohol as he was driving the car. Anderson was arrested by the highway patrol and cited, among other offenses, for two separate charges of violating R.C. 4511.19(A)(1), driving while under the influence of alcohol: one offense said to have occurred at 9:01 a.m. in a township within the territory of the Medina Municipal Court, and one offense said to have occurred at 9:03 a.m. in a township within the territory of the Wadsworth Municipal Court.

Anderson pleaded guilty and was convicted of operating a motor vehicle while under the influence of alcohol in the Medina Municipal Court, as well as driving left of center, willfully fleeing and reckless operation. Anderson made a motion to dismiss the second charge of driving while under the influence of alcohol, which was pending in the Wadsworth Municipal Court, claiming that the doctrine of double jeopardy applied and that once the Medina Municipal Court exercised jurisdiction, the Wadsworth Municipal Court was precluded, pursuant to R.C. 2901.12, from exercising jurisdiction. The trial court denied his motion to dismiss.

Anderson appeals, claiming that the Wadsworth Municipal Court erred in denying his motion to dismiss the charge of driving while under the influence of alcohol when the underlying conduct was the same conduct which served as the basis for his conviction in the Medina Municipal Court. Further, Anderson argues that there was but

one course of conduct upon which both charges relied. Appellee has failed to perform its duty of submitting a brief.

## Assignment of Error

"The trial court erred in denying appellant's motion to dismiss the charge of driving under the influence of alcohol, R.C. Section 4511.19(A)(1) when appellant pled guilty to the same offense in another jurisdiction arising out of the same course of conduct in violation of the Double Jeopardy Clause and R.C. Section 2901.12."

Anderson contends that both charges of driving while under the influence of alcohol arose from one continuous course of driving and, therefore, the Wadsworth Municipal Court charge must be dismissed because it violates Anderson's rights under the Double Jeopardy Clause. There are three protections afforded a criminal defendant by the Double Jeopardy Clause of both the United States and Ohio Constitutions: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *State* v. *Torres* (1986), 31 Ohio App. 3d 118, 119, 31 OBR 204, 206, 508 N.E. 2d 970, 972 (citing *North Carolina* v. *Pearce* [1964], 395 U.S. 711, 717); *State* v. *Bowling* (June 1, 1988), Lorain App. No. 4275, unreported. It is the second of these protections which Anderson seeks to invoke.

In *Waller* v. *Florida* (1970), 397 U.S. 387, the United States Supreme Court held that for purposes of double jeopardy, the state will be considered a single entity acting through its subordinate units. Thus, the prosecutors employed by each city are part of a single sovereignty, and double jeopardy stands as a bar to prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other.

The statutory provision with which Anderson was charged in the Wadsworth Municipal Court is identical to the one to which he entered a plea in Medina Municipal Court, R.C. 4511.19 (A)(1), and each charge was brought by the state of Ohio.

A single act may be an offense against two statutes, when each statute requires proof of an additional fact which the other does not. Under such circumstances, the defendant is not exempt from the prosecution and punishment of a second offense even though it arises from a single act. *Blockburger* v. *United States* (1932), 284 U.S. 299, 304; *State* v. *Henry* (Feb. 17, 1983), Cuyahoga App. No. 44681, unreported. Here, the trial court held that Anderson's willfully fleeing a police officer was an additional act. However, the facts necessary for a conviction for driving under the influence of alcohol do not include willfully fleeing. Additionally, the trial court held that because venue must be proved beyond a reasonable doubt and venue is different in each jurisdiction, this requires proof of a different fact in each municipal court case. Venue is not a material element of any offense charged. *State* v. *Newland* (June 17, 1988), Sandusky App. No. S-87-34, unreported. The elements of the offense charged and the venue of the matter are separate and distinct. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77, 57 O.O. 2d 160, 274 N.E. 2d 773; *Carbo* v. *United States* (C.A. 9, 1963), 314 F. 2d 718.

On the day in question, defendant drove but one time on the highways of this state while under the influence of alcohol. The defendant committed but one offense against the state on that day. Charging authorities cannot take a continuous offense and divide it into arbitrary parts and call each part a

separate offense. *In re Snow* (1887), 120 U.S. 274.

For the foregoing reasons, Anderson's assignment of error is well-taken and the judgment of the Wadsworth Municipal Court is reversed and the charge under R.C. 4511.19(A)(1) is dismissed.

*Judgment reversed.*

BAIRD, P.J., and MAHONEY, J., concur.

GEORGE, J., dissents.

GEORGE, J., dissents. I do not believe that Anderson's constitutional rights were violated by his being charged with two offenses of driving while under the influence of alcohol under R.C. 4511.19(A)(1). To follow the majority's reasoning would mean that a driver under the influence of alcohol could drive from Cuyahoga County to Hamilton County, traversing some twelve counties, have twelve or more accidents, over a period of five or six hours, and be answerable for a single charge of driving while under the influence of alcohol.

Here, Anderson pleaded no contest and was found guilty under R.C. 4511.19(A)(1) and willfully fleeing, R.C. 4511.02(B), in Medina. He entered the Wadsworth Municipal Court jurisdiction in his attempt to avoid apprehension for the first accident. He had a second accident, running into the rear-end of another vehicle. Then he stopped. These offenses were independent from each other and constituted separate acts of driving while under the influence of alcohol. See *State* v. *Gabor* (1986), 33 Ohio App. 3d 122, 514 N.E. 2d 730, and *State* v. *Torres* (1986), 31 Ohio App. 3d 118, 31 OBR 204, 508 N.E. 2d 970.

For these reasons, I believe that Anderson may be charged, convicted and punished for successive charges of driving under the influence of alcohol arising from a single course of driving where there are intervening facts, such as an accident and fleeing thereafter. I would overrule Anderson's assignment of error and affirm the judgment of the trial court.