OPINION
{¶ 1} Defendant-appellant, Robert E. Wagerman, appeals the denial of his motion to dismiss a charge of Failure to Comply with an Order or Signal of a Police Officer by the Warren County Court of Common Pleas and subsequent conviction thereof. We affirm.
 {¶ 2} On January 8, 2006 at approximately 3:38 a.m., a police officer observed appellant traveling eastbound at a high rate of speed on State Route 63 near the Warren County/Butler County line. The officer engaged his overhead lights and began to follow appellant. Appellant ran a red light at the State Route 63 and northbound I-75 ramp, nearly *Page 2 
striking a vehicle at the intersection. Appellant entered the ramp and merged onto northbound I-75, increasing his speed to over 100 mph. The officer continued to follow appellant with his overhead lights and siren activated. Appellant exited at State Route 122, struck a guard rail on the ramp, and ran a stop sign at the bottom of the ramp. Appellant drove eastbound on State Route 122 towards State Route 741. While pursuing appellant on State Route 122, Officers observed appellant drive across the highway divide towards oncoming traffic without his headlights on and come close to crashing into several vehicles on the road. In the area of State Route 122 and State Route 741, officers placed "stop sticks" in the road, which appellant drove his car through, causing the tires to deflate. Appellant's car subsequently crashed and appellant began to flee on foot. Appellant was then apprehended by the police.
 {¶ 3} On January 12, appellant came before the Lebanon Municipal Court for a preliminary hearing. Having no subject matter jurisdiction to hear felony cases, the Lebanon Municipal Court bound over one count of Failure to Comply with an Order or Signal of a Police Officer ("Failure to Comply") in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony, to the Warren County Court of Common Pleas. Further, because several acts of the high-speed chase occurred along State Route 122 in Warren County, but outside the geographic jurisdiction of the Lebanon Municipal Court, appellant was charged with three misdemeanors in the Warren County Court. Appellant was charged with one count of Driving Under Suspension in violation of R.C. 4510.16(A), one count of Operating a Vehicle with Disregard to Public Safety ("Reckless Operation") in violation of R.C. 4511.20, and one count of Failure to Stop After an Accident Involving Injury to Persons or Property in violation of R.C. 4529.021(A). Like the Lebanon Municipal Court, the Warren County Court does not have subject matter jurisdiction to hear felony cases. On January 31, 2006, appellant entered a plea of guilty to each misdemeanor count in the Warren County Court and was sentenced to *Page 3 
three days in jail, a $350 fine, a six-month driver's license suspension, and two years of basic probation.
 {¶ 4} On February 6, 2006, appellant was indicted in the Warren County Court of Common Pleas for the felony Failure to comply charge that was bound over from the Lebanon Municipal Court. Appellant moved to dismiss the felony charge, claiming double jeopardy and that he had already been prosecuted for the same course of conduct. The Warren County Court of Common Pleas denied appellant's motion and appellant entered a plea of no contest. Appellant was sentenced to one year in prison with credit for 108 days served, a two-year license suspension, and attorney's fees and costs.
 {¶ 5} Appellant timely appealed, raising two assignments of error. We will first address appellant's second assignment of error.
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "APPELLANT'S CONVICTION FOR RECKLESS OPERATION BARRED PROSECUTION FOR FELONY FAILURE TO COMPLY."
 {¶ 8} Appellant argues in his second assignment of error that felony failure to comply constitutes the same offense as reckless operation. Specifically, appellant argues that since he was prosecuted and convicted of reckless operation, a subsequent prosecution for felony failure to comply is a violation of double jeopardy.
 {¶ 9} The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that, "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense." To determine if a prior conviction is a bar to a subsequent prosecution, a court applies the test set forth in Blockburger v. United States (1932), 284 U.S. 299. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to *Page 4 
be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. at 304.
 {¶ 10} In State v. Best (1975), 42 Ohio St.2d 530, the Ohio Supreme Court set out four factors to consider when reviewing claims of double jeopardy: 1) whether there was a prior prosecution in the same state for the identical offense; 2) whether the same person was charged relative to the first prosecution; 3) whether the same parties were involved in both prosecutions; and 4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution. Id. at 533.
 {¶ 11} "If application of the Blockburger [(1932), 284 U.S. 299], test reveals that the offenses have identical statutory elements or one is a lesser included offense of the other, the subsequent prosecution is barred." State v. Tolbert (1991), 60 Ohio St.3d 89, paragraph one of the syllabus. However, "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v.Felix (1992), 503 U.S. 378, 386, 112 S.Ct. 1377.
 {¶ 12} Reckless operation under R.C. 4511.20 provides, "No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."
 {¶ 13} Failure to comply under R.C. 2921.331(B) provides, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." For the charge to constitute a felony, R.C. 2921.331(C)(5)(a)(ii) requires, "A violation of * * * this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof *Page 5 
beyond a reasonable doubt: (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 14} Appellant claims his subsequent prosecution for failure to comply is barred by double jeopardy because he was convicted of reckless operation under the same course of conduct. Appellant relies onState v. Knaff (1998), 128 Ohio App.3d 90. In Knaff, the First District held that it is impossible to commit the felony version of failure to comply without also committing reckless operation. Id. at 94. See, also,State v. Morton, Montgomery App. No. 20358, 2005-Ohio-308; State v.Fairbanks, Ross App. No. 05CA2870, 2006-Ohio-3530, appeal accepted for review, 111 Ohio St.3d 1491, 2006-Ohio-6171.
 {¶ 15} However, this court addressed the issue of whether reckless operation is a different offense than failure to comply in State v.Rupp, Butler App. No. CA2001-06-135, 2002-Ohio-1600. The appellant inRupp was charged with felony failure to comply following a slow speed chase. Id. The appellant argued that the trial court erred by not instructing the jury on reckless operation because, he claimed, reckless operation is a lesser included offense of failure to comply. Id. In affirming appellant's conviction, this court held that the trial court did not err by failing to instruct on reckless operation because reckless operation is not a lesser included offense of failure to comply and contains different statutory elements. Id at 5.
 {¶ 16} In Rupp, this court stated, "The crime of 'willful and wanton disregard of safety on highways,' which appellant refers to as 'reckless operation' is not always and necessarily included within the third degree felony 'failure to comply.' R.C. 4511.20 [reckless operation] requires the state prove operation of a motor vehicle with 'willful or wanton disregard for the safety of persons or property.' R.C. 2921.331(B) [failure to comply] states that 'no person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal' to stop. A third degree felony conviction under R.C. 2921.331(B) *Page 6 
requires proof that the defendant operated a motor vehicle so as to cause a 'substantial risk of serious physical harm to persons or property,' regardless of the defendant's mental state with respect to persons or property. Conceivably, a defendant could willfully fail to comply with a police officer's signal, and, without acting with 'willful or wanton disregard of the safety of persons or property,' cause 'a substantial risk of serious physical harm to persons or property.' Thus, it is possible to commit the third degree felony offense under R.C. 2921.331(B), without violating R.C. 4511.20." Id. See, also, State v.Jackson, Cuyahoga App. No. 80421, 2002-Ohio-5329, ¶ 12-16; and State v.Dowd, Mahoning App. No. 03-MA-84, 2004-Ohio-5787.
 {¶ 17} Further, in Perkins v. State of Ohio (S.D.Ohio 2006), No. 2:05-CV-189, the United States District Court for the Southern District of Ohio, Eastern Division, examined the exact issue at bar. That court stated, "An examination of the elements of each offense reveals that R.C. 2921.331(B), failure to comply, requires that defendant flee a police officer after receiving a signal from the officer to stop. Such elements are not present in reckless operation, R.C. 4511.20. Similarly, reckless operation contains an element not present in failure to comply, namely that defendant showed a 'willful and wanton disregard of [sic] the safety of persons or property.' Each charge requires the state to prove an element not present in the other charge. It is clear that the two provisions have separate elements, and do not serve to put defendant in jeopardy twice for the same action." Id. at 4.
 {¶ 18} Appellant focuses on the "willful or wanton disregard for the safety of persons or property" element for reckless operation and equates it to the "caused a substantial risk of serious physical harm to persons or property" element included in felony failure to comply. Appellant contends that these are functionally equivalent mental states that make reckless operation a lesser included offense of failure to comply. Appellant's focus is misplaced though because, as this court noted in Rupp, the element appellant cites for reckless *Page 7 
operation is a requisite mental state, while the element appellant claims is equivalent in failure to comply does not require proof of the defendant's mental state. 2002-Ohio-1600 at ¶ 26. In Rupp, this court stated that "willful or wanton disregard for the safety of persons or property" is the requisite mental state for reckless operation while a "felony conviction [for failure to comply only] requires proof that the defendant operated a motor vehicle so as to cause a 'substantial risk of serious physical harm to persons or property,' regardless of the defendant's mental state with respect to persons or property." Id. Based on the foregoing, it is clear that reckless operation and failure to comply each require proof of a different statutory element which the other does not.
 {¶ 19} Further, there are no facts in the record of the Warren County Court to show the basis of appellant's guilty plea to reckless operation. Without facts in the record to show the basis for appellant's the guilty plea, this court cannot determine what facts constituted the reckless operation charge that appellant pled guilty to and what facts constituted the failure to comply charge that appellant pled no contest to. See State v. Dowd, Mahoning App. No. 03-MA-84, 2004-Ohio-5787, ¶ 13. As a result, it is unclear whether appellant was being separately charged for the same act or separate acts during the high-speed chase. Id. at ¶ 14.
 {¶ 20} Based on the foregoing, failure to comply and reckless operation do not constitute the same offense because they do not contain the same statutory elements; nor is reckless operation a lesser included offense of failure to comply. Accordingly, the subsequent charge of failure to comply was not barred by appellant's previous conviction for reckless operation.
 {¶ 21} Appellant's second assignment of error is overruled.
 {¶ 22} Assignment of Error No. 1:
 {¶ 23} "THE TRIAL COURT WAS WITHOUT JURISDICTION WHERE ANOTHER *Page 8 
POLITICAL SUBDIVISION HAD ALREADY PROSECUTED THE APPELLANT FOR THE SAME COURSE OF CONDUCT."
 {¶ 24} Appellant argues in his first assignment of error that his prosecution for failure to comply in the Warren County Court of Common Pleas is barred by double jeopardy because appellant was already prosecuted for the course of conduct in the Warren County Court. Appellant claims that since the charge for failure to comply originated in the Lebanon Municipal Court and was referred to the Warren County Court of Common Pleas, an equivalent court, the Warren County Court, had already prosecuted appellant for the course of conduct. Specifically, appellant argues that only one jurisdiction can prosecute a defendant for a single course of conduct and since the Warren County Court proceeded on the charges, the Lebanon Municipal Court's proceedings, and subsequent referral to the Common Pleas Court, were barred. Appellant therefore claims that his motion to dismiss the Lebanon Municipal Court proceedings should have been granted.
 {¶ 25} R.C. 2901.12(H) provides, "When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct: * * * (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective." (Emphasis added.)
 {¶ 26} The course of conduct in this case occurred within Warren County. However, the high-speed chase occurred within separate municipal jurisdictions in Warren County that each had criminal subject matter jurisdiction. The chase began near the intersection of I-75 and State Route 63, in the jurisdiction of the Lebanon Municipal Court, and continued north to State Route 122, in the jurisdiction of the Warren County Court. R.C. 2901.12(H) allows *Page 9 
appellant to be prosecuted in either jurisdiction for the entire course of conduct; however it does not require that all charges for the conduct be prosecuted in a single jurisdiction.
 {¶ 27} Accordingly, we must now address constitutional considerations to determine whether double jeopardy requires that appellant be prosecuted in only one jurisdiction for the entire course of conduct.
 {¶ 28} Appellant asserts in his brief that "[w]hile the government may punish a person separately for each conviction that is a separate offense, the Supreme Court has long held that the prosecution must bring its prosecutions for those offenses at the same time." However, appellant's proposition of law is incorrect. Appellant relies onState v. Urvan (1982), 4 Ohio App.3d 151, wherein the court held that for purposes of double jeopardy "[o]nce a county with subject matter jurisdiction of an alleged crime or crimes under R.C. 2901.12(H) takes action on any one of them, it preempts jurisdiction for all offenses originating in the same 'course of criminal conduct.' And the jurisdiction of the charges is not affected by their disposition." Id. at paragraph three of the syllabus. This proposition is very similar to the United States Supreme Court's holding in Grady v. Corbin (1990),495 U.S. 508. In Grady, the Supreme Court held that generally the government must bring its prosecutions for separate offenses arising from the "same conduct" in a single prosecution. Id. at 510.
 {¶ 29} However, in United States v. Dixon (1993), 509 U.S. 688, the United States Supreme Court overturned the Grady "same-conduct" rule. InDixon, the United States Supreme Court held that "[the government] is entirely free to bring [its prosecutions] separately, and can win convictions in both" as long as the separate prosecutions do not violateBlockburger Id. at 705. The court found that the "same conduct" rule announced in Grady "lacks constitutional roots" and is "wholly inconsistent with earlier Supreme Court precedent." Id. at 704. Double jeopardy only prevents multiple prosecutions for the "same *Page 10 
offense" or a "separate offense where the government has lost an earlier prosecution involving the same facts;" but does not require that the government must bring its prosecutions together. Id. at 705, citingAshe v. Swenson (1970), 397 U.S. 436.
 {¶ 30} Further, we also note that, "The Ohio Supreme Court has traditionally applied federal law in the double jeopardy context."State v. Gonzalez, 151 Ohio App.3d 160, 2002-Ohio-4937, ¶ 30, citingState v. Moore (1996), 110 Ohio App.3d 649. Each case appellant cites in support of his proposition of law predates Dixon.
 {¶ 31} "To sustain a plea of former jeopardy, it must appear * * * that there was a former prosecution in the same state for the same offense * * * and that the particular offense, on the prosecution of which jeopardy attached, was such an offense as to constitute a bar."Best, 42 Ohio St.2d at 533. Having already established that reckless operation and failure to comply are separate offenses and that reckless operation is not a lesser included offense of failure to comply, the separate prosecutions in this case do not violate double jeopardy.
 {¶ 32} As stated above, separate prosecutions arising from a single course of conduct may be pursued in separate jurisdictions as long as the prosecutions do not violate Blockburger. Based on Dixon, it is clear that double jeopardy does not require that the government bring all prosecutions for the same course of conduct in a single prosecution in one jurisdiction as appellant suggests; it only prohibits a defendant from being charged twice with the same offense or a subsequent charge for lesser included offense. The "course of conduct" in this case was the result of multiple criminal acts by appellant through multiple jurisdictions which resulted in separate criminal charges. Appellant was not charged twice for the same offense.
 {¶ 33} Further, when entering his guilty plea for the misdemeanors, appellant stated that he was aware of the pending felony charge in the common pleas court and *Page 11 
acknowledged that fact. Also, as we noted previously, there is nothing in the record to show the facts that were the basis of appellant's guilty plea in Warren County Court.
 {¶ 34} Accordingly, the trial court did not err by denying appellant's motion to dismiss. Appellant's first assignment of error is overruled.
 {¶ 35} Judgment affirmed.
BRESSLER, J., concurs. WALSH, J., dissents.