OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Clermont County Court of Common Pleas granting a motion to dismiss in favor of defendant-appellee, Diane Collins. For the reasons stated below, we affirm the decision of the trial court.
 {¶ 2} The facts of this case involve a high-speed chase between appellee and police officers in Clermont and Hamilton Counties. On October 25, 2002, Glen Cain committed a theft offense at a Kroger store in Milford. Appellee served as the driver of the getaway car. *Page 2 
Appellee led police on a high-speed chase from Milford (Clermont County) into Hamilton County where appellee crashed the vehicle and was arrested.
 {¶ 3} Appellee was indicted in Hamilton County with the charge of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B). Pursuant to a plea agreement, appellee entered a guilty plea to the lesser included offense of attempted failure to comply. Appellee was sentenced to six months confinement.
 {¶ 4} At the same time, Clermont County pursued criminal charges against appellee. Appellant was indicted in Clermont County for aggravated robbery, in violation of R.C. 2911.01(A)(3), and failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B).
 {¶ 5} Appellee moved to dismiss the failure to comply charge, arguing that the subsequent failure to comply charge in Clermont County was an improper successive prosecution arising from the same criminal act in violation of double jeopardy and due process.[1] On December 29, 2006, the trial court granted appellee's motion, dismissing the failure to comply charge in Clermont County. The state of Ohio timely appeals, raising one assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO DISMISS."
 {¶ 7} Because the relevant facts are not in dispute, we will review the trial court's decision granting a motion to dismiss under a de novo standard of review. State v. Benton (2000), 136 Ohio App.3d 801, 805.
 {¶ 8} The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution ensures that no person shall "be subject for the same offense to be twice put in *Page 3 
jeopardy of life or limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."
 {¶ 9} We begin our analysis by noting that, "The Ohio Supreme Court has traditionally applied federal law in the double jeopardy context."State v. Gonzalez, 151 Ohio App.3d 160, 2002-Ohio-4937, ¶ 30, citingState v. Moore (1996), 110 Ohio App.3d 649.
 APPLICABILITY OF WAGERMAN {¶ 10} To support its argument in this case, the state cites this court's recent decision in State v. Wagerman, Warren App. No. CA2006-05-054, 2007-Ohio-2299; and United States v. Dixon (1993),509 U.S. 688, 113 S.Ct. 2849.
 {¶ 11} In Wagerman, the defendant engaged on a high-speed chase through Warren County. Id. at ¶ 2. The chase began near the intersection of I-75 and State Route 63, in the jurisdiction of the Lebanon Municipal Court, and continued north to State Route 122, in the jurisdiction of the Warren County Court. Id. at ¶ 26. Following the incident, a felony charge of failure to comply was bound over to the Warren County Court of Common Pleas by the Lebanon Municipal Court. Id. at ¶ 3. Wagerman was then charged with three misdemeanor violations in Warren County Court for several acts that occurred during the chase outside of the jurisdiction of the Lebanon court.[2] Id. Wagerman entered a guilty plea to the misdemeanors and was sentenced to three days in jail. Id. Thereafter, Wagerman was indicted in the Warren County Court of Common Pleas for felony failure to comply. Id. at ¶ 4. Wagerman filed a motion to dismiss the felony charge, arguing that the successive prosecution in the Warren County Court of Common Pleas was barred by double jeopardy because he had already faced charges for the "same course of conduct" in the Warren *Page 4 
County Court. Id. The trial court dismissed Wagerman's motion and the issue was appealed to this court.[3] Id.
 {¶ 12} On appeal, Wagerman argued, relying on State v. Urvan (1982),4 Ohio App.3d 151,[4] that the state is required to bring all charges for the same course of conduct in a single prosecution. This court held that the double jeopardy clause does not require all charges arising out of the "same course of conduct" to be brought in a single prosecution. Id. at ¶ 32. To support the decision, this court relied on the United States Supreme Court decision in United States v. Dixon, which overturned the "same-conduct" rule. Id. at ¶ 29. "Double jeopardy only prevents multiple prosecutions for the `same offense' or a `separate offense where the government has lost an earlier prosecution involving the same facts'; but does not require that the government must bring its prosecutions together." Id., citing Dixon, 509 U.S. at 705.
 {¶ 13} A comparison of the instant matter to Wagerman demonstrates that this case is fundamentally different from Wagerman. InWagerman, we specifically held that "separate prosecutions arising from a single course of conduct may be pursued in separate jurisdictions as long as the prosecutions do not violate Blockburger [(1932),284 U.S. 299, 52 S.Ct. 180]. * * * [D]ouble Jeopardy does not require that the government bring all prosecutions for the same course of conduct in a single prosecution in one jurisdiction * * *; it only prohibits a *Page 5 
defendant from being charged twice with the same offense or a subsequent charge for a lesser included offense."
 {¶ 14} Wagerman applies to matters where a course of criminal conduct transpires over multiple jurisdictions and separate, distinct criminal acts are committed during that course of conduct. In such cases, each jurisdiction may bring separate criminal proceedings for the distinct criminal acts committed during a course of conduct as long as the defendant is not placed in double jeopardy. Id. at ¶ 31.
 {¶ 15} The case at bar differs in two respects from Wagerman. First, the Wagerman court found that "there is nothing in the record to show the facts that were the basis of appellant's guilty plea in Warren County Court." In this case, the basis for appellant's charge of failure to comply in each county is clear because the record includes the indictments and bill of particulars from both counties.
 {¶ 16} Second, in Wagerman this court found that "The `course of conduct' * * * was the result of multiple criminal acts by appellant through multiple jurisdictions which resulted in separate criminal charges." In contrast, the conduct at issue in this case is a single criminal act that occurred along two jurisdictions. An examination of the indictments and bill of particulars in this case from Hamilton and Clermont Counties shows that both counties sought to charge appellee for the same criminal act.[5]
 {¶ 17} This case is not a matter involving separate and distinct criminal acts committed *Page 6 
during a course of criminal conduct among multiple jurisdictions likeWagerman. Rather, this case involves a single criminal act, an uninterrupted high-speed chase, occurring along multiple jurisdictions. Having established that the case at bar is distinct from our holding inWagerman, we must examine this issue in light of the double jeopardy clause.[6]
 DOUBLE JEOPARDY {¶ 18} The state in this case argues that the trial court erred in granting appellee's motion to dismiss. The state does not dispute that the chase was continuous through both Clermont and Hamilton Counties. However, the state disputes the trial court's finding that the conduct in this case was a single criminal act. The state argues that separate offenses were committed against separate victims when appellee crossed county lines. Specifically, the state summarizes its argument as follows: "Clermont County and Hamilton County police each assumed unique risks and responsibilities when they took the lead in the case. The flight may have been continuous from [appellee's] point of view, but the two police officers each had the responsibility to apprehend her, each in his own [sic] jurisdiction."
 {¶ 19} The state analogizes appellee's conduct to State v. Jones
(1985), 18 Ohio St.3d 116. In Jones, the defendant was driving at an excessive rate of speed, lost control of the vehicle and collided with another vehicle, thereby causing the death of both of his passengers. Jones was charged with two counts of aggravated vehicular homicide, which he argued was a violation of double jeopardy. The Ohio Supreme Court held that this did not violate double jeopardy because there were two victims and the revised code authorizes a *Page 7 
conviction for each person killed by a reckless driver. Id. at 118. The state urges, based on Jones, that there were multiple victims from the high-speed chase resulting in separate offenses because multiple police officers were involved.
 {¶ 20} The state's argument is unpersuasive. First in Jones, the Revised Code authorized conviction for each person killed by a reckless driver. There is no such provision for failure to comply.
 {¶ 21} Secondly, "Political subdivisions of States, [including counties], are traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions." Waller v. Florida (1970), 397 U.S. 387,392, 90 S.Ct. 1184, citing Reynolds v. Sims (1964), 377 U.S. 533, 575,84 S.Ct. 1362.
 {¶ 22} In Waller, the United States Supreme Court held that for the purposes of double jeopardy, the state will be considered a single entity acting through its subordinate units. Id. Thus, the prosecutors employed by each city are part of a single sovereignty, and double jeopardy stands as a bar to prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other. Id. As a result, it is important to note the charges in this case are brought by the state of Ohio, and not by two sovereign entities.
 {¶ 23} Further, the revised code provides that when a defendant has committed a "course of criminal conduct," the venue may be in any jurisdiction where "one such offense or any element thereof occurred." R.C. 2901.12(H).
 {¶ 24} The protection against double jeopardy protects a criminal defendant against (1) a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. State v. Torres (1986),31 Ohio App.3d 118, 119; see, also, Dixon, 509 U.S. at 705.
 {¶ 25} In this case, the trial court based its opinion on State v.Anderson (1989), *Page 8 57 Ohio App.3d 108, and we agree. In Anderson, the defendant was driving on Route 42 in the jurisdiction of the Medina Municipal Court when he struck a highway patrol unit. Anderson continued traveling on Route 42, entering the jurisdiction of the Wadsworth Municipal Court, where he struck another vehicle. Id. at 108. Anderson was charged with driving under the influence in both jurisdictions. Id. Anderson entered a guilty plea in Medina Municipal Court and filed a motion to dismiss the charge in Wadsworth, claiming double jeopardy. Id. The court held that the subsequent charge for the same violation from the single criminal act violated double jeopardy. The Anderson court stated, "On the day in question, defendant drove one time on the highways of this state while under the influence of alcohol. The defendant committed but one offense against the state on that day. Charging authorities cannot take a continuous offense and divide it into arbitrary parts and call each part a separate offense." Id. at 109-110, citing, In re Snow (1887),120 U.S. 274, 7 S.Ct. 556.
 {¶ 26} The conduct at issue in this case was a single criminal act, an uninterrupted high-speed chase. Only one chase occurred and, likeAnderson, cannot be divided into arbitrary parts to be characterized as separate offenses, regardless of the number of police officers that were involved in the chase because the failure to comply statute does not authorize separate convictions for each officer. Appellee was already placed in jeopardy by the state in Hamilton County and was punished for the offense.[7] To punish appellee again for the same act in violation of the same statutory provision she has already been indicted under, pled, convicted and sentenced in Hamilton County would violate the double jeopardy *Page 9 
clause.
 {¶ 27} The state's assignment of error is overruled.
 {¶ 28} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Appellee did not challenge the aggravated robbery charge in Clermont County.
[2] Driving under suspension, operating a vehicle with disregard to public safety, and failure to stop after an accident involving injuries to persons or property.
[3] Wagerman also argued that the failure to comply charge was also barred because he had already been convicted of the lesser included offense, reckless operation. 2007-Ohio-2299 at ¶ 8. This court overruled this argument, finding that reckless operation is not a lesser included offense of failure to comply on the authority of State v. Rupp, Butler App. No. CA2001-06-135, 2002-Ohio-1600.
[4] In Urvan, the appellant was charged with receiving stolen property in Medina County when he was caught attempting to sell stolen merchandise from his van at a flea market. The appellant was placed in a pretrial diversion program. Upon completion of the diversion program, a nolle prosequi was entered for the charge of receiving stolen property. Thereafter, the appellant was indicted in Cuyahoga County for grand theft. The Urvan court held that the subsequent prosecution for grand theft was a violation of double jeopardy because Medina County took jurisdiction over the prosecution and the appellant had already been prosecuted for the course of conduct. 4 Ohio App. 3d at 156-157. We note that subsequent jurisprudence has significantly limited Urvan and currently Urvan only establishes that "prosecutors in two different counties may not pursue separate charges for allied offenses of similar import." See State v. Barnett (1998), 124 Ohio App.3d 746, 750.
[5] {¶ a} The Hamilton County bill of particulars, filed April 10, 2003, states that "on or about October 25,
2003 [sic], at I-275 and Kellogg Avenue, the Defendant did flee from and fail to comply with the visible and audible signal of a police car. The Defendant was fleeing from the commission of an aggravated robbery. The Defendant reached speeds in excess of 90 m.p.h. during heavy rush hour traffic and wet road conditions. The pursuit ended when the Defendant crashed into a telephone poll."
{¶ b} The Clermont County bill of particulars, filed October 1, 2003, states, "on or about the October 25, 2002 in Clermont County, Ohio, the defendant Diane Collins operated a motor vehicle so as to elude or flee a police officer after receiving a visible or audible sign from a police officer to bring the defendant's motor vehicle to a stop and the operation of the motor vehicle by the defendant caused a substantial risk of serious physical harm to persons or property. Specifically, the defendant led police on a high speed chase from the [Kroger] store in Milford, after co-defendant Cain had committed a theft offense. The defendant was apprehended when the vehicle she was operating crashed several miles later in Hamilton County."
[6] Similarly, the state also cites State v. Barnett (1998),124 Ohio App.3d 746. Barnett involves a similar fact situation toWagerman. In Barnett, the defendant entered a no contest plea to gross sexual imposition with a minor in Warren County. Barnett was then charged with five counts of gross sexual imposition in Montgomery County. Barnett does not deal with multiple counties each bringing charges for an uninterrupted course of conduct. The Second District held that the separate prosecutions involved different acts of gross sexual imposition committed in different counties on different days. Id. at 750. Accordingly, the facts of Barnett differ significantly from the case at bar.
[7] We note that the subsequent charge of failure to comply in Clermont County also violates the United States Supreme Court double jeopardy "same elements" test, enumerated in Blockburger v.United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180. The Blockburger test provides that, "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted, a second prosecution may not be had." Dixon,509 U.S. at 688-689. The statutory provision with which appellant was charged in Hamilton County is identical to the one charged in Clermont County, R.C.2921.331(B). Further, appellee was convicted to attempted failure to comply, a lesser included offense. *Page 1