OPINION
{¶ 1} Defendant-appellant, Teressa J. George, appeals the denial of a motion to dismiss by the Warren County Court of Common Pleas and her subsequent conviction for receiving stolen property. We reverse the decision of the trial court.
 {¶ 2} Appellant was charged in Butler County with receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree, after being found in possession of a stolen 1992 Ford Explorer. Pursuant to a plea agreement, appellant's charge was *Page 2 
amended to unauthorized use of a motor vehicle in violation of R.C.2913.03(A), a first-degree misdemeanor, which appellant entered a plea of guilty to in the Butler County Area II Court.
 {¶ 3} Subsequently, appellant was indicted in Warren County for receiving stolen property in violation of R.C. 2913.51(A). Appellant filed a motion to dismiss the charge based on double jeopardy, which was denied by the Warren County Court of Common Pleas. As a result, appellant entered a plea of no contest to receiving stolen property. Appellant was sentenced to three years community control and required to pay $3,565 in restitution. Appellant timely appeals, raising a single assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS."
 {¶ 5} Appellant argues that the trial court erred by denying the motion to dismiss. Appellant argues that she had already been put in jeopardy for receiving stolen property in Butler County, entered a plea to a lesser charge, and was then again placed in jeopardy for the same criminal act in Warren County.
 {¶ 6} The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution ensures that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."
 {¶ 7} The protection against double jeopardy protects a criminal defendant against (1) a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. State v. Torres (1986),31 Ohio App.3d 118, 119; see, also, United States v. Dixon (1993), 509 U.S. 688, 705,113 S.Ct. 2849.
 {¶ 8} The case at bar is similar to our recent decision in State v.Collins, Clermont *Page 3 
App. No. CA2007-01-010, 2007-Ohio-___. In Collins, the defendant served as the driver of a getaway car following a robbery. Id. at ¶ 2. Collins led police on a high-speed chase through Clermont and Hamilton Counties. Id. The chase ended when Collins crashed the vehicle in Hamilton County and was arrested. Id. Collins was indicted for failure to comply with the order or signal of a police officer in Hamilton County and, pursuant to a plea agreement, entered a guilty plea to attempted failure to comply. Id. at ¶ 3. Collins was also charged with failure to comply in Clermont County. Id. at ¶ 4. Collins filed a motion to dismiss in Clermont County, arguing that the subsequent failure to comply charge in Clermont County was an improper successive prosecution arising from the same criminal act in violation of double jeopardy and due process. Id. at ¶ 5. The trial court granted the motion and dismissed the charge in Clermont County. Id. This court affirmed the decision of the trial court, finding that the subsequent prosecution in Clermont County violated double jeopardy. Id. at ¶ 26.
 {¶ 9} Like Collins, this case also involves a single criminal act that occurred within two counties. A reading of the complaints and indictments in this case demonstrate that Butler and Warren Counties each brought a charge of receiving stolen property against appellant for the same act.[1] *Page 4 
 {¶ 10} The United States Supreme Court has held that "Political subdivisions of States, [including counties], are traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions." Waller v.Florida (1970), 397 U.S. 387, 392, 90 S.Ct. 1184, citing Reynolds v.Sims (1964), 377 U.S. 533, 575, 84 S.Ct. 1362.
 {¶ 11} In Waller, the United States Supreme Court held that for the purposes of double jeopardy, the state will be considered a single entity acting through its subordinate units. Id. Thus, the prosecutors employed by each city are part of a single sovereignty, and double jeopardy stands as a bar to prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other. Id. As a result, it is important to note the charges in this case are brought by the state of Ohio, and not by two sovereign entities.
 {¶ 12} Further, R.C. 2901.12 provides, "When the offense involved the unlawful taking or receiving of property * * *, the offender may be tried in any jurisdiction from which or into which the property or victim was taken, received, or enticed."
 {¶ 13} In the case at bar, Butler County charged appellant with receiving stolen property on behalf of the state of Ohio. The state offered to reduce the charge to unauthorized use in exchange for appellant's guilty plea. After securing a conviction of appellant, the state, through Warren County, once again charged appellant with receiving stolen property, the same charge appellant faced before her plea deal. Like Collins, the actions of the state in this case clearly violate double jeopardy.
 {¶ 14} It would be a manifest miscarriage of justice to allow the state to bring a charge of receiving stolen property against appellant, offer a plea agreement, obtain a conviction, and then allow the state to again charge appellant with receiving stolen property for the same *Page 5 
criminal act.[2]
 {¶ 15} Appellant's assignment of error is sustained.
 {¶ 16} Judgment reversed. Appellant's charge of receiving stolen property in violation of R.C. 2913.51(A) in Warren County is dismissed.
YOUNG, P.J., and POWELL, J., concur.
[1] (¶ a} The Butler County complaint states, in pertinent part: "George, Teresa J. * * * on or about 04/18/2006, did knowingly receive, retain or dispose of property of another knowing such property has been obtained through commission of theft offense, to wit: was found to be in possession of a 1992 Ford Explorer stolen from 6117 Tylersville Road, West Chester, belonging to Melissa Bowling, thus constituting the offense of Receiving Stolen Property, a felony of the fifth degree, being contrary to and in violation of Section Number 2913.51, ORC."
{¶ b} The Warren County indictment states, in pertinent part: "THE GRAND JURY of the State of Ohio * * * do find present that on or about the 18th day of April, 2006, * * * the defendant, TERESA JUNE GEORGE, did, receive, retain, or dispose of property, the property of another, knowing or having reasonable cause to believe that the property had been obtained through the commission of a theft offense, said offense a Felony of the 4th degree in that the property involved was a motor vehicle, contrary to and in violation of Section 2913.51(A) of the Ohio Revised Code and against the peace and dignity of the State of Ohio."
{¶ c} Although the Warren County indictment does not specifically identify the vehicle at issue in this case, the Warren County bill of particulars states that appellant was found in possession of a motor vehicle belonging to Melissa Bowling.
[2] We also note that the Warren County's actions in this case also violate the United State Supreme Court's double jeopardy "same elements" analysis, as defined in Blockburger v. United States (1932),284 U.S. 299, 304, 52 S.Ct. 180. The Blockburger test provides that, "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted, a second prosecution may not be had." Dixon, 509 U.S. at 688-689. Both Butler and Warren County charged appellant with receiving stolen property under varying degrees of R.C. 2913.51 containing the same essential elements of the crime. *Page 1