[Cite as *State v. Graham*, 2019-Ohio-4353.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellant,               :

                            No. 108053

    v.                                 :

MICHAEL I. GRAHAM,                          :

    Defendant-Appellee.                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634705-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellant.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiff-appellant state of Ohio ("the state") appeals the trial court's granting of defendant-appellee Michael I. Graham's ("Graham") motion to dismiss based upon double jeopardy. For the reasons that follow, we affirm.

## I. Factual and Procedural History

{¶ 2} On June 21, 2018, Graham was engaged in a high-speed chase that began in Cuyahoga County and ended with Graham's arrest in Medina County.

{¶ 3} At approximately 3:12 a.m., Strongsville Patrolman Miller ("Miller") notified Strongsville Officer Larotonda ("Larotonda") that Graham was traveling south on Interstate 71 at 110 m.p.h. with his high beams engaged. Larotonda, who was stopped on the highway median, initiated his overhead lights in an effort to gain Graham's attention and cause him to slow down. Graham passed Larotonda, but did not decrease his speed.

{¶ 4} Larotonda and Miller followed Graham. When Graham exited the highway, the Strongsville police were instructed to terminate the chase. The Medina County sheriff's office ("Medina sheriff") was notified of the Strongsville police department's failed pursuit of Graham. As the Strongsville police officers were returning to their assigned areas at approximately 3:30 a.m., they heard via radio that the Medina sheriff had a visual on Graham — he was pumping gas at a Sunoco gas station. The Medina sheriff lacked back-up, and the Strongsville officers drove to the gas station to assist the Medina sheriff.

{¶ 5} Prior to the Strongsville police officers' arrival at the gas station, Graham entered his vehicle and drove away, resulting in the continued pursuit of Graham by the Medina sheriff. The Medina sheriff pursued Graham for approximately two hours. At around 4:45 a.m., the Wadsworth police department ("Wadsworth police") assisted with the pursuit. At 5:11 a.m., Graham crashed his

vehicle on the highway and fled the scene on foot. Graham was ultimately arrested at 9:30 a.m. by the Wadsworth police.

{¶ 6} On June 27, 2018, Graham was indicted in Medina County for failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331(B). Graham entered a guilty plea on October 1, 2018, and was sentenced on November 19, 2018, by the Medina County Court of Common Pleas to five years community-control sanctions.

{¶ 7} On December 4, 2018, Graham was indicted for the same offense, in violation of R.C. 2921.331(B), in Cuyahoga County. Graham filed a motion to dismiss based upon double jeopardy on December 12, 2018, and the court granted the motion on December 19, 2018.

{¶ 8} The state filed this timely appeal and presents the following assignment of error:

> Assignment of Error I: The trial court erred when it dismissed Michael Graham's failure to comply indictment. The double jeopardy clause does not preclude different jurisdictions from prosecuting defendants for separate criminal acts committed during one course of conduct.

{¶ 9} For the reasons that follow, we affirm.

## II. Law and Analysis

{¶ 10} The state argues Graham completed two separate criminal acts within Cuyahoga and Medina Counties. Specifically, the state argues that when the Strongsville police stopped their pursuit of Graham and lost sight of him, Graham's failure to comply with the Strongsville police's directives ended. When Graham

stopped at the Sunoco gas station, was observed by the Medina sheriff, and engaged in another attempted flight from the police, that constituted a separate criminal act and Graham was acting under a separate mens rea. As a result, the two police chases — the one by the Strongsville police, and the second chase by the Medina sheriff and Wadsworth police — support charging Graham separately in Cuyahoga and Medina Counties and do not subject Graham to double jeopardy. Graham argues a subsequent prosecution for the same offense violates double jeopardy because his actions constituted one single, continuous act — or one continuous course of conduct — despite stopping for gas after he lost sight of the Strongsville police.

{¶ 11} We review Graham's motion to dismiss pursuant to a de novo standard of review. *State v. McCullough*, 8th Dist. Cuyahoga No. 105959, 2018-Ohio-1967, ¶ 6.

## A. Double Jeopardy

{¶ 12} The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution states that no person will "'be subject for the same offence to be twice put in jeopardy of life or limb.'" *State v. Hornbuckle*, 7th Dist. Mahoning No. 14 MA 105, 2015-Ohio-3962, ¶ 16, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. The Ohio Constitution in Section 10, Article I similarly provides that "[n]o person shall be twice put in jeopardy for the same offense."

{¶ 13} "The protection against double jeopardy protects a criminal defendant against (1) a second prosecution for the same offense after acquittal, (2)

protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *State v. Collins*, 12th Dist. Clermont No. CA2007-01-010, 2007-Ohio-5392, ¶ 24, citing *State v. Torres,* 31 Ohio App.3d 118, 119, 508 N.E.2d 970 (9th Dist.1986). Graham asserts he was entitled to protection from double jeopardy where he was subject to a second prosecution for the same offense after conviction.

{¶ 14} To determine whether a prior conviction bars a subsequent prosecution, a court applies the "same elements" test articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304. The "same elements test * * * inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

{¶ 15} In the instant case, Graham was convicted in Medina County on November 19, 2018, for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) that reads, in pertinent part:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

Based upon the Medina County conviction, Graham was sentenced to five years community-control sanctions.

{¶ 16} The Cuyahoga County indictment, filed on December 4, 2018, charged the same offense — failure to comply in violation of R.C. 2921.331(B). Under the *Blockburger* "same elements" test, Cuyahoga County's indictment of Graham for the same offense violates double jeopardy.

{¶ 17} The state argues that beyond the *Blockburger* "same elements" test, Graham's failures to comply in Cuyahoga and Medina Counties were two separate acts that could be prosecuted in separate jurisdictions. Specifically, the state argues that Graham committed one course of conduct — the chase — but separate, distinct criminal acts between the two counties. We disagree.

{¶ 18} Graham's flight at the Sunoco gas station from the Medina sheriff was not a separate criminal act, determined by a separate mens rea that allowed prosecution in two counties. The record supports a finding that Graham's actions represented one single, continuous act. The fact that Graham stopped for gas did not create a new act, a new mens rea, or a new offense.

{¶ 19} The Medina sheriff was notified that the Strongsville police terminated their pursuit of Graham. The Medina sheriff did not observe Graham violate a new traffic law, but intended to pull him over due to the prior chase between Graham and the Strongsville police. There was not a large gap of time between the Strongsville police's pursuit and the initiation of the Medina sheriff's chase. The Strongsville police chase began at 3:12 a.m. Graham stopped to pump gas at

3:30 a.m. The Medina sheriff followed Graham as he left the gas station indicating only a few minutes elapsed between the two car chases. Even though Graham was not apprehended until 9:30 a.m., the efforts of the Strongsville police, Medina sheriff, and Wadsworth police were all in concert and there was not a significant break in the departments' efforts. *Compare State v. Craig*, 5th Dist. Licking No. 17-CA-61, 2018-Ohio-1987 (defendant-appellant Craig's two charges for failure to comply in Franklin and Licking Counties did not arise from the same transaction or occurrence and there was no violation of double jeopardy because (1) there was a one and one-half hour gap between the two police chases, (2) the second chase was not based upon the initial pursuit, and (3) the second officer from Licking County was not even aware of the prior pursuit by the Franklin County officer).

{¶ 20} Further, a single, uninterrupted high-speed chase generally "cannot be divided into arbitrary parts to be characterized as separate offenses, regardless of the number of police officers that were involved in the chase because the failure to comply statute does not authorize separate convictions for each officer." *Collins*, 12th Dist. Clermont No. CA2007-01-010, 2007-Ohio-5392, at ¶ 26. For double jeopardy purposes, the state, acting through its prosecutors, is considered a single entity. *Id.* at ¶ 22. "Thus, the prosecutors employed by each city are part of a single sovereignty, and double jeopardy stands as a bar to prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other." *Id.*, citing *Waller v. Florida*, 397 U.S. 387, 392, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

{¶ 21} Considering that Graham was charged under the same statute by both county prosecutors — R.C. 2921.33(B) — and there was one single, continuous course of conduct exhibited by Graham, we find that the Cuyahoga County indictment violated the Double Jeopardy Clause. Accordingly, the trial court properly granted Graham's motion to dismiss on the basis of double jeopardy and the state's first assignment of error is overruled.

## B. Findings of Fact

{¶ 22} The state contends in its second assignment of error that the trial court erred when it dismissed Graham's indictment without issuing findings in support of its ruling as required by Crim.R. 48.

{¶ 23} Crim.R. 48 (B) reads as follows:

> Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

Yet, "'the failure of the trial court to prepare written findings of fact and reasons for the dismissal is harmless error when the record itself is clear as to the basis for the court's action.'" *McCullough*, 8th Dist. Cuyahoga No. 105959, 2018-Ohio-1967, at ¶ 17, quoting *Cleveland v. Stoutemire*, 8th Dist. Cuyahoga No. 88257, 2007-Ohio-721, ¶ 8, citing *State v. Nelson*, 51 Ohio App.2d 31, 33, 365 N.E.2d 1268 (8th Dist.1977).

{¶ 24} When the trial judge ruled on Graham's motion to dismiss, she stated the reason for the dismissal: "I do believe that the incident in question involved one continuous event." (Tr. 25.) While the trial judge could have provided written

findings, her statement clearly identified that she found Graham's acts represented one continuous event and not two separate criminal acts subject to separate prosecutions.  The trial judge's failure to provide written findings of fact and reasons for dismissal was harmless error and did not prejudice the state's appeal. Accordingly, we overrule the state's second assignment of error.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR